IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Connie W.**,

    Plaintiff,

  v.                                                                                  Case No. 2:22-cv-3653
                                                                              Judge James L. Graham
                                                                              Magistrate Judge Stephanie K. Bowman

**Martin O'Malley,**
**Commissioner of Social Security**

    Defendant.

**Opinion and Order**

Plaintiff Connie W. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her disability income benefits. This matter is before the Court for consideration of Plaintiff's objection (ECF No. 18) to the Magistrate Judge's Report and Recommendation (ECF No. 17) in which the Magistrate Judge recommended that the Court affirm the Commissioner's decision.

For the reasons stated below, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I.**    **Background**

Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 1, 2019. Plaintiff alleges that she has been disabled since July 20, 2019 due to degenerative disc disease - lumbar spine; osteoarthritis/degenerative joint disease - bilateral feet and ankle; traumatic osteoarthritis - right foot; left Achilles tendonitis; obesity; carpal tunnel syndrome/generalized osteoarthritis - hands; and generalized osteoarthritis of the knees (R. at 19-20). Plaintiff's application was denied initially and then once again upon reconsideration. Plaintiff was subsequently granted a *de novo* hearing before Administrative Law Judge Noceeba Southern ("ALJ") on September 24, 2021.

Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions: 1. Is

the claimant engaged in substantial gainful activity?; 2. Does the claimant suffer from one or more severe impairments?; 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?; 4. Considering the claimant 's residual functional capacity, can the claimant perform his or her past relevant work?; 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy? *See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Starting at step 1, the ALJ found that the claimant was not engaged in substantial gainful activity. (R. at 19). Since July 20, 2019, the alleged onset date, the ALJ could not find evidence that Plaintiff engaged in substantial gainful activity. (*Id.*).

At Step 2, the ALJ found that the Plaintiff had the following severe impairments: "degenerative disc disease lumbar spine; osteoarthritis/degenerative joint disease bilateral feet and ankle; traumatic osteoarthritis right foot; left Achilles tendonitis; obesity; carpal tunnel syndrome/generalized osteoarthritis hands; generalized osteoarthritis of the knees." (*Id.* at 19-20).

On Step 3 of the sequential evaluation, the ALJ found that the Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled one of the listed impairments described in C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21-22).

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> "[Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: She is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk four hours in an eight-hour day and sit six hours in an eight-hour day. She would benefit from a sit/stand option every hour for two to three minutes on task. [Capable of] frequent handling with the bilateral upper extremities. Avoid foot controls. Occasional ramps or stairs but should avoid ladders, ropes, or scaffolds. Occasional stooping, kneeling, crouching, and crawling."

(R. at 22).

Further in her analysis, the ALJ clarified her determination that Plaintiff was capable of frequent handling with the bilateral upper extremities by stating:

> "The claimant also testified that she experiences bilateral carpal tunnel syndrome and the claimant's primary care provider notes bilateral carpal tunnel syndrome (see Exhibits 7F, 10F, 11F). However, there are no clinical or diagnostic signs or findings

> consistent with carpal tunnel syndrome. One source noted generalized osteoarthritis affecting the hands with some tenderness noted but without signs of entrapment, such as positive Tinel and Phalen signs, atrophy, sensory disturbance, or similar findings. There is no electrodiagnostic testing confirming carpal tunnel syndrome. The claimant testified that she uses night splints. Given the claimant's past medical history, the primary care provider's notation of carpal tunnel syndrome, and the evidence of generalized osteoarthritis of the hands-on exam, the undersigned further reduces the claimant's manipulative function to frequent handling."

(R. at 25-26).

At the final step, the ALJ, relying on the testimony of a Vocational Expert, concluded that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as a cashier, furniture rental clerk, or small parts assembler. (R. at 28). The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act at any time since July 20, 2019 the alleged onset date. (R. at 29). Plaintiff's request for review by the Appeals Council was denied and the ALJ's decision was adopted as the Commissioner's final decision. (R. at 3-7).

In her Statement of Errors (ECF No. 13), Plaintiff raised one main issue. She argues that the ALJ failed to properly evaluate the opinion of treating physician Dr. Michelle Graham and therefore violated § 404.1520(c) in failing to properly consider the mandatory factors of consistency and supportability.

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it

is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Plaintiff's statement of error be overruled and that the decision of the ALJ be affirmed (ECF No. 17).

First, the Magistrate found that the ALJ's RFC determination was supported by substantial evidence (*Id.* at 5). Plaintiff claims that the ALJ did not properly explain why the "sit/stand limitations" in the RFC were appropriate because Dr. Graham's opinion suggested otherwise (*Id.*). The Magistrate's Report and Recommendation found that this claim was not well-taken. Although Dr. Graham treated Plaintiff from November of 2019 to June of 2021, the ALJ found her opinion to be unpersuasive because it was "extreme and not supported by nor consistent with the evidence as a whole." (R. 26)

Under the new regulations for evaluating medical opinions, the agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2019). The agency will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from the claimant's own medical sources." 20 C.F.R. § 416.920c(a). Furthermore, the new regulations only require the ALJ to articulate the consideration of all medical opinions, a significant change from the "controlling weight" analysis or the "good reasons" standard under the prior regulations. (Compare 20 C.F.R. § 416.927(c)(2) with 20 C.F.R. § 416.920c(a)).

The ALJ is only required to explain how he or she considered the two most important factors: supportability and consistency. Supportability relates to an "opinion's reference to diagnostic techniques, data collection procedure/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency). Essentially, the more relevant the objective medical evidence, the more persuasive the medical opinions will be 20 C.F.R. § 404.1520c(c)(1).

4

Plaintiff argues that Dr. Graham's opinion is supported by objective evidence. The Magistrate Judge disagreed. The Magistrate found that the ALJ properly considered the supportability factor and adequately evaluated the opinion evidence in accordance with Agency Regulations and controlling law (ECF No. 17 at 8). The Report and Recommendation explains that none of the objective evidence Plaintiff relies on supports Dr. Graham's opinions that Plaintiff is "limited in ability to perform prolong[ed] tasks" and "needs to constantly change positions." (*Id.*).

Plaintiff also alleges that the ALJ failed to properly consider the "consistency" factor in making her RFC determination. Under the new regulations, "the more consistent a medical opinion(s) ... is with the evidence from other medical sources and non-medical sources in the claim, the more persuasive the medical opinion(s) ... will be." 20 C.F.R. § 404.1520c(c)(2). The Magistrate Judge found that the ALJ properly consulted the findings of the State agency medical consultants' physical assessments. (ECF No. 17 at 9). Based on these assessments, the ALJ determined that a "sit/stand option is warranted, as well as additional no operation of foot controls due to bilateral foot and ankle impairments, reduced standing and walking due to pain in the feet and generalized osteoarthritis, as well as postural and manipulative limitations given the combined effect of chronic joint and back pain, generalized osteoarthritis of the hands and history of carpal tunnel syndrome, and obesity." (R. at 27).

Ultimately, the Magistrate Judge found that the ALJ's decision was supported by substantial evidence and was within the "zone of choice" that grants ALJs discretion without interference by the courts. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). *See also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion.").

## IV.    Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly addressed the supportability factor when considering the opinion of Dr. Graham (ECF No. 18 at 2-3). Plaintiff claims that the ALJ was required to specifically address the support Dr. Graham provided to help explain how she arrived at her opinion and that a failure to do so would be a violation of Agency regulations (*Id.* at 2).

5

Plaintiff disagrees with the Magistrate Judge's finding that Dr. Graham did not provide sufficient support for her opinions (*Id.* at 3). Although some of the evidence only showed "mild" degenerative changes, Plaintiff argues that it does not contradict Dr. Graham's opinions regarding sitting, standing, and walking. (*Id.*). Plaintiff also states that a state agency's own examining expert found Plaintiff to have "an antalgic gait, walked with a limp brace, and was limited in her capacity to walk." (*Id.*). Plaintiff contests that it is unclear how these findings do not support Dr. Graham's sitting, standing, and walking limitations and that the ALJ failed to point to contradictory evidence.

## V. Defendant's Response

In response to Plaintiff's objection, Defendant asserts that the Magistrate was correct in finding that the ALJ properly considered supportability and consistency when evaluating the opinion of Dr. Graham, Plaintiff's treating provider (ECF No. 17). Defendant states that Plaintiff's objections repeat the same arguments made in the Statement of Errors (ECF No. 13) and Reply (ECF No. 16). Defendant rests on the arguments made in his brief (ECF No. 15) and urges the Court to adopt the Report and Recommendation issued by the Magistrate Judge.

## VI. *De novo* Review

Upon *de novo* review, the Court concurs with the Magistrate Judge. Plaintiff's objection fails to raise any new claims not already addressed by the Magistrate Judge.

Plaintiff argues that the ALJ was required to "specifically" address the support Dr. Graham provided. The Court finds that the ALJ did just that. The ALJ expressly acknowledged Dr. Graham's opinion that "the claimant could not perform even sedentary work with inability to sit, stand, and walk in combination for eight hours, without the need to change positions constantly." (R. at 26). The ALJ then explained in detail why she found Dr. Graham's opinion to be "extreme and not supported by nor consistent with the evidence as a whole." (*Id.*). In particular, she pointed out that Dr. Graham's opinion was not supported by objective findings but was based on Plaintiff's subjective complaints. As the Magistrate Judge explained, the ALJ found that the objective evidence cited by Dr. Graham, including an x-ray of the lower back and treatment notes from Central Ohio Primary Care, did not support the extreme limitations opined by her. The objective evidence showed only mild degenerative changes relating to Plaintiff's back and a generally normal physical examination of her back and extremities. (ECF No. 17 at 7-8). The ALJ also set forth how Dr. Graham's opinion was inconsistent with other medical evidence. This included exams which returned largely normal findings, or, in some cases like the state agency's assessment,

6

showed mild pain or degeneration in the feet and ankles. (R. at 23-27). That evidence, despite Plaintiff's claims of it being limited, showed that Plaintiff could perform a range of light work. (R. at 27).

Ultimately, the Court agrees with the Magistrate's reasoning. The ALJ's conclusion that Plaintiff was not disabled within the meaning of the Social Security Act based on these assessments and Dr. Graham's lack of objective evidence was proper. The ALJ properly addressed the supportability and consistency factors of Dr. Graham's opinion and properly explained why the opinion was unsupported and inconsistent with other medical opinions.

This Court agrees with the Magistrate's finding that the ALJ's decision concerning Dr. Graham's opinion was supported by substantial evidence and that there was no error in the decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.

## VII. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections (ECF No. 16) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 15). The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is directed to enter final judgment in this manner.

**IT IS SO ORDERED**

                                                    _s/ James L. Graham_
                                                    James. L Graham
                                                    United States District Judge

Date: August 28, 2024